UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 14-23766-CIV-ALTONAGA/O'Sullivan

AMANDA PEREZ,                                    :
                                                 :
       Plaintiff,                               :
                                                 :
v.                                               :
                                                 :
PAYLESS SHOESOURCE, INC.,                        :
                                                 :
       Defendant.                               :
_____          :

### DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Pursuant to the Court's Order in Actions Brought Under the Fair Labor Standards Act dated October 14, 2014, Defendant Payless Shoesource, Inc. ("Defendant" or "Payless") hereby responds to the Statement of the Claim filed by Plaintiff Amanda Perez ("Plaintiff") as follows:[1]

Payless properly compensated Plaintiff for all hours worked including overtime hours. Payless denies that Plaintiff ever performed any off-the-clock work, or is entitled to any relief sought. Payless also denies that Plaintiff is entitled to a three-year statute of limitation or liquidated damages. Plaintiff was paid all wages owed to her under the Fair Labor Standards Act, and any other applicable law or contract.

Payless employed Plaintiff as a Sales Associate from November 8, 2011 until February 22, 2014. Her ending rate of pay was $8.19 per hour. Plaintiff worked part-time from November 8, 2011 until Payless promoted her to full-time on February 3, 2013. The Sales Associate position is classified as a non-exempt position and Plaintiff was eligible for overtime pay. However, as evidenced by her own time records, Plaintiff only worked 18.75 overtime

---

[1] Also, pursuant to the Court's October 14, 2014 Order, the supporting documents referenced herein as Exhibits A-D have been served upon Plaintiff's counsel but not filed with this Court.

hours during her entire employment. Plaintiff was properly compensated for those overtime hours. In fact, Plaintiff routinely worked well less than 40 hours per week. Specifically, of the 119 weeks that Plaintiff worked for Payless, she only worked 40 hours in 13 of those weeks and of those 13 weeks she only worked in overtime hours in 6 of those weeks. Plaintiff worked less than 40 hours per week in the remaining 106 weeks. *See Exhibit A, Plaintiff's Weekly Payroll Report.*

Payless complies with all applicable federal, state and local wage and hour laws, and strictly prohibits off-the-clock work. Non-exempt associates are required to record all hours worked and are paid accordingly. Payless also provides multiple ways in which its associates can report their concerns. Associates are encouraged to contact their Store Leader, Group Leader, District Leader, or the Human Resources department. Payless also has a toll-free hotline for associates to report their concerns. Plaintiff was fully aware of this policy as it is included in Payless' Associate Handbook, which Plaintiff acknowledged that she received and reviewed on November 15, 2011. *See Exhibit B, Payless' Off-the-Clock Work Prohibition Policy and Plaintiff's Signed Acknowledgment Form.*

Further, at the end of each week, all non-exempt associates are required to review a daily time sheet report, which has their time in/time out entries and to certify that the report accurately reflects all hours worked. The certification also instructs the associates to direct any questions or concerns about their time sheets or hours worked to their District Manager or the Associate Hotline. Plaintiff's daily time sheet reports also demonstrate that she never worked any overtime hours. *See Exhibit C, Plaintiff's Weekly Signed Certifications Reflecting Hours Worked and Plaintiff's Daily Time Card Punch In/Out Report*

Despite being aware of Payless' Off-the-Clock Work Policy and procedure for reporting violations of the policy, Plaintiff never complained that she had worked off-the-clock or that Payless had failed to pay her overtime wages during her employment.

It is also important to note that Plaintiff is indebted to Payless in the amount of $3,800.00 pursuant to a promissory note and agreement to repay that she signed on February 22, 2014. *See Exhibit D, Plaintiff's Signed Assignment and Release and Acknowledgment of Indebtedness and Agreement to Repay.*[2]

Respectfully submitted,

By:  /s/ Lavern J. Wilson
Todd S. Aidman
Florida Bar No. 0173029
taidman@fordharrison.com
Lavern J. Wilson
Florida Bar No. 028650
lwilson@fordharrison.com

FORDHARRISON LLP
101 E. Kennedy Boulevard
Suite 900
Tampa, Florida  33602-5133
Telephone:  (813) 261-7800
Facsimile:   (813) 261-7899

Attorneys for Defendant Payless Shoesource, Inc.

---

[2] An English version of the agreement is also attached for ease of reference as Plaintiff signed the Spanish version.

3

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on **November 12, 2014**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Jason S. Remer, Esquire
jsr@rgpattorneys.com
Brody Shulman
bshulman@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130

                                          /s/ Lavern J. Wilson

WSACTIVELLP:7147324.1